IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **SA FIVE STAR CLEANERS, INC.,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:17-cv-00796** |
| | § | |
| **SECURITY NATIONAL INSURANCE** | § | |
| **COMPANY and KAYLYNN STEFFEN,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court are Plaintiff SA Five Star Cleaners, Inc.'s Motion to Remand (ECF No. 4), filed November 3, 2017; and Defendant Security National Insurance Company's Response (ECF No. 6), filed November 17, 2017. For the reasons stated below, the Court finds that Plaintiff's Motion to Remand should be and is hereby **GRANTED**.

## I.   BACKGROUND

The following facts are taken primarily from Plaintiff's Original Petition. Orig. Pet., ECF No. 1-3. Plaintiff SA Five Star Cleaners, Inc. ("Five Star"), a Texas resident, owns an insurance policy (the "Policy") for their commercial property (the "Property") in Arlington, Texas. Orig. Pet. ¶¶ 1–2, ECF No. 1-3. Defendant Security National Insurance Company ("Security"), a foreign corporation, issued the Policy to Five Star. *Id.* ¶ 2. On or about April 12, 2016, a storm damaged the Property. *Id.* ¶ 9. Five Star timely submitted a claim to Security for the storm-related damages, including roof damage and other exterior damage. Pl.'s Mot. Remand, ¶ 2, ECF No. 4. Security

assigned Defendant Kaylynn Steffen ("Steffen"), a resident of Texas, to adjust the claim. Orig. Pet. ¶¶ 3, 11, ECF No. 1-3.

Five Star alleges that, on June 4, 2016, Steffen "conducted a substandard investigation and inspection of the [P]roperty," did not adequately report all of the damages observed during the inspection, and undervalued the damages that were reported. *Id.* ¶ 11. Security denied the claim. *Id.* ¶ 10. According to Five Star, Security denied coverage based upon Steffen's substandard inspections, estimates, and adjustments. *Id.* ¶ 12.

On August 29, 2017, Five Star filed suit against Security and Steffen in the 141st Judicial District of Tarrant County, Texas. Def.'s Resp. ¶ 4, ECF No. 6. Five Star brought claims against Security for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. Orig. Pet. ¶¶ 5–28, 35–36, ECF No. 1-3. Five Star asserted a claim against Steffen for violation of the Texas Insurance Code. *Id.* ¶¶ 29–34.

On October 4, 2017, Security timely removed this case to this Court, alleging that Steffen was improperly joined for the purpose of defeating diversity jurisdiction. Not. Removal, ¶ 11, ECF No. 1. Five Star now moves to remand this action to state court, arguing that Steffen was properly joined. Mot. Remand ¶ 7, ECF No. 4.

## II.   LEGAL STANDARD

### A.   Removal Jurisdiction

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. Am. Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993).  However, the removal statute must be strictly construed because "removal jurisdiction

2

raises significant federalism concerns." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *see also Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Thus, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question and complete diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331, 1332. Here, the removing Defendant has alleged only diversity of citizenship as a basis for this Court's jurisdiction. *See* Not. Removal ¶ 8, ECF No. 1. Courts can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if: (1) the parties are of completely diverse citizenship; and (2) none of the properly joined defendants is a citizen of the state in which the case is brought.[1] *See* 28 U.S.C. § 1441(b). If a non-diverse party is present in the action, the court may lack jurisdiction based on improper joinder.

### B.    Improper Joinder

The doctrine of improper joinder is a narrow exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum if the in-state defendants were improperly joined. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "[A] non-diverse defendant has been improperly joined if the plaintiff has failed to state a claim against that defendant on which relief *may* be granted." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). However, "if the plaintiff has stated a claim against a non-diverse defendant on which relief *may* be granted, a federal court is without

---

[1] Neither party disputes that the amount in controversy requirement of 28 U.S.C. § 1332(a) has been met in this case.

. . . *diversity* jurisdiction [ ] over that claim and, by extension, over any claims." *Id.* To establish that a non-diverse defendant has been improperly joined to defeat diversity jurisdiction, the removing party must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 205; *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).

At issue here is the second method of proving improper joinder, which requires a court to find "no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. To determine whether a reasonable basis exists, a court must either "conduct a Rule 12(b)(6)-type analysis" or "in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 206–07 (quoting *Smallwood*, 358 F.3d at 573). In doing so, a federal court must apply the federal pleading standard. *Id.* at 202 ("[T]he improper-joinder analysis in the context of removal and remand is solely about determining the federal court's jurisdiction . . . . When determining the scope of its own jurisdiction, a federal court does so without reference to state law, much less state law governing pleadings."). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 358 F.3d at 573.

## III.    ANALYSIS

Texas law recognizes suits against insurance adjusters in their individual capacities under the Texas Insurance Code. TEX. INS. CODE § 541.002(2). The Texas Supreme Court has "held that '[t]he business of insurance includes the investigation and adjustment of claims and losses.'" *Roach v. Vehicle*, No. 3:15-cv-3228-G, 2016 WL 795967, at *4 (N.D. Tex. Feb. 29, 2016) (Fish, J.) (citing *Centaurus Unity v. Lexington Ins. Co.*, 766 F. Supp. 2d 780, 787 (S.D. Tex. 2011); *Vail*

4

*v. Tex. Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1998)). The Fifth Circuit has also held that an adjuster who services insurance policies for an insurer engages in the business of insurance, is subject to the Texas Insurance Code, and may be liable under it. *Id*. at *4 (citing *Gasch v. Hartford Indem. Co*., 491 F.3d 278, 282 (5th Cir. 2007) (collecting cases holding that individual adjusters are subject to the Texas Insurance Code)). Likewise, "the Texas Insurance Code allows an insured to file a claim through its tie-in statute, for deceptive acts or practices listed in Section 17.46(b) of the DTPA." *Id.* at *4 (citing TEX. BUS. & COM. CODE § 17.46(b); TEX. INS. CODE § 541.151(2)). The issue to be decided here is one in a long line of cases in which insured plaintiffs join non-diverse insurance adjusters in a suit over underpaid insurance claims and the insurance company removes to federal court alleging improper joinder of the non-diverse adjusters. Federal district courts within Texas vary in how they handle the propriety of joining a non-diverse adjuster. Some have found that, as a matter of law, an insurance adjuster cannot be liable under the Texas Insurance Code provisions upon which plaintiffs most commonly rely. *See Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, 3:16-cv-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016) (Fitzwater, J.); *Mainali Corp v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.); *Together 6, LLC v. Burlington Ins. Co.*, No. 4:15-CV-064-Y, 2015 WL 11120522, at *3 (N.D. Tex. Apr. 22, 2015) (Means, J.); *Messersmith v. Nationwide Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.). Others have held that insurance adjusters can potentially be held liable under the Texas Insurance Code, even when acting as the insurance company's agent, and conduct a 12(b)(6) analysis of those claims. *Roach*, 2016 WL 795967, at *4; *Denley Group LLC v. Safeco Ins. Co.*, No. 3:15-CV-1183-B, 2015 WL 5836226, at *4 (N.D. Tex. Sept. 30, 2015) (Boyle, J.); *Progressive*

*Island, LLC v. Scottsdale Ins. Co.*, 3:13-cv-741-M, 2013 WL 6065414, at *3 (N.D. Tex. Nov. 18, 2013) (Lynn, J.).

The divergence of the opinions within Texas district courts centers around the statutory interpretation of Section 541.060(a)(2) of the Texas Insurance Code which provides that "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of [ ] a claim with respect to which the insurer's liability has become reasonably clear" is an "unfair or deceptive act or practice in the business of insurance." TEX. INS. CODE § 541.060(a)(2)(A). Those courts that hold an adjuster can never be liable under this provision read Section 541.060(a)(2) to mean that an adjuster can never be liable because he has no authority to settle the case, which belongs to the insurance company, and the adjuster is only present to assess damages. *See Messersmith*, 10 F. Supp. 3d at 724; *Ministerio Int'l Lirios Del Valle*, 2016 WL 5791550, at *3. On the other side of the issue are those courts that read "effectuate" in the statute to apply to "all persons who play a role" in bringing about a settlement, which necessarily includes an insurance adjuster. *Denley Group, LLC*, 2015 WL 5836226, at *4; *see Roach*, 2016 WL 795967, at *5. Accordingly, these courts hold that a plaintiff is able to plead a cause of action against an adjuster, and then analyze the claims under Rule 12(b)(6).

While the Court recognizes there is a legitimate split within this circuit regarding which provisions of the Texas Insurance Code provide a cause of action against adjusters, it must be remembered that doubt as to the liability of an insurance adjuster under the Texas Insurance Code weighs in favor of remand. *Int'l Energy Ventures Mgmt., L.L.C.*, 2016 WL 1274030, at *3; *Roach*, 2016 WL 795967, at *6 ("[I]n the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand."). Therefore, for purposes of this motion, an individual adjuster may be held

6

liable under Section 541.060(a)(2), provided Five Star sufficiently pleaded facts to plausibly allege such a claim. *Roach*, 2016 WL 795967, at *5 (collecting cases).

The issue at hand is whether Five Star's pleadings are sufficient to state a plausible claim for violation of Section 541.060(a)(2) against Steffen. Here, Five Star alleges that Steffen "grossly underestimated and undervalued" the true cost of repairing "damages to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm" and "conducted a substandard and incomplete inspection of the Property" by neglecting to inspect all affected areas. Orig. Pet. ¶¶ 28, 31–32, ECF No. 1-3. According to Five Star, Steffen "conducted an outcome-oriented investigation" that would minimize Five Star's claim. *Id.* ¶ 32. Last, Five Star specifically alleges that Steffen "failed to and/or refused to properly interview the Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the Property in its pre-Storm condition." *Id.* ¶ 34.

Security argues that Five Star "lump[ed] Defendants together" such that Five Star "failed to meet its requirement of distinguishing allegations" between Steffen and Security. Def's Resp. ¶ 12, ECF No. 6 (citing Orig. Pet. ¶¶ 10–14, ECF No. 1-3). However, Five Star separated its claims against Steffen into its own section "Actionable Conduct of Defendant (Kaylynn Steffen)." *See* Orig. Pet. ¶¶ 29–34, ECF No. 1-3. Five Star listed several actions exclusive to Steffen such as failing to inspect all affected areas and refusing to answer questions about other potential damages. *See id*. ¶¶ 32, 34.

Security also contends that Five Star only put forth legal conclusions instead of facts. *See* Def's Resp. ¶¶ 11–12, ECF No. 6 (citing Orig. Pet. ¶¶ 31–32, ECF No. 1-3). However, this is not an instance where a plaintiff only provided statements that "consist of no more than broad

conclusions and boilerplate allegations." *Cf. Singh & Singh LLC v. Berkley Assurance Co.*, No. 4:16-cv-00481-O, 2017 WL 3723770, at *3 (N.D. Tex. Feb. 13, 2017) (O'Connor, J.).

This Court held in *Singh* that a plaintiff failed to meet the pleading standard required by Rule 12(b)(6) when it only alleged general statements that follow the language of Section 541.060 "with no further specific facts to substantiate the[ ] claims." *Singh*, 2017 WL 3723770, at *3. Here, Five Star sufficiently pleaded facts to show a reasonable basis for recovery.

Security argues that Five Star failed to establish a reasonable basis for recovery because Five Star did not allege an "independent injury" against Steffen. Def's Resp. ¶¶ 16–18, ECF No. 6. But Five Star separated their claims against Steffen and Security. Security relies on a Texas Supreme Court case, *Provident Am. Ins. Co. v. Castaneda*, to argue that Five Star is required to allege an injury independent of the denial of policy benefits. *See* 988 S.W.3d 189, 198–99 (Tex. 1998). The independent injury requirement in *Castaneda* relates only to the evidentiary stage of litigation. *Cardona v. ASI Lloyds*, 3:14-cv-736-G, 2015 WL 93470, at *5 (N.D. Tex. Jan. 6, 2015) (Fish, J.) *see Castaneda*, 988 S.W. at 199. Also, Security noted that Five Star repeatedly referred to "Security" as "Allied" in its Petition. *See* Def.'s Resp. ¶ 11, ECF No. 6 (citing Orig. Pet. ¶¶ 16–35, ECF No. 1-3). This mere mistake does not affect the Court's conclusion. Security did not meet its "heavy burden" of establishing improper joinder. *See Denley Group, LLC*, 2015 WL 5836226, at *2 (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

Because Steffen is a Texas citizen for purposes of 28 U.S.C. § 1332, and the Court finds that Five Star stated a claim for relief against Steffen under Texas Insurance Code § 541.060(a)(2), complete diversity does not exist between all parties and the Court must remand this action. *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d 193, 209 (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)) ("The presence in the action of a single plaintiff from the same

State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

## V.      CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand (ECF No. 4) is hereby **GRANTED**. This case is **REMANDED** to the **141st Judicial District Court of Tarrant County, Texas**. The clerk shall mail a certified copy of this order to the district clerk of Tarrant County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED** on this **1st day** of **March, 2018.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**